**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **INTEGRA MISSION CRITICAL, LLC d/b/a INTEGRA,** | § | |
| | § | |
| **Plaintiff;** | § | **CIVIL ACTION NO. 5:26-cv-07077** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **INTEGRA TESTING SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

# <u>COMPLAINT</u>

Plaintiff Integra Mission Critical, LLC d/b/a Integra ("Integra" or "Plaintiff"), by and through its undersigned counsel, sues Defendant Integra Testing Services, LLC ("ITS" or "Defendant"), and alleges as follows:

## I. NATURE AND BASIS OF ACTION

1. This is an action for federal trademark infringement, federal unfair competition and false designation of origin, and related violations of Texas common law, arising out of Defendant's unauthorized use of the designations INTEGRA and INTEGRA TESTING in commerce in a manner that is likely to cause confusion with Plaintiff's INTEGRA and INTEGRA MISSION CRITICAL trademarks.

2. Plaintiff is the senior user and owner of the federally registered, incontestable trademark INTEGRA MISSION CRITICAL, U.S. Registration No. 5,541,214, and of common-law rights in the INTEGRA and INTEGRA MISSION CRITICAL marks used in connection with mission-critical data center products, infrastructure, and related services. *See* Exhibits 1–2.

3. Defendant, a junior user, has adopted and used the confusingly similar designations INTEGRA and INTEGRA TESTING in connection with HVAC testing, adjusting and balancing,

mechanical testing, and controlled-environment testing services that Defendant markets to, among others, data centers and mission-critical facilities, the same field in which Plaintiff operates. Plaintiff performs certain HVAC testing and related service work as part of its data center equipment offerings, creating overlap with Defendant's services.

4. Plaintiff placed Defendant on notice of its rights and demanded that Defendant cease its infringing use, but Defendant refused to cease and stated that it will not stop using the marks in connection with its data center and mission-critical infrastructure clients. *See* Exhibits 3–4.

5. Plaintiff seeks a permanent injunction, an accounting and disgorgement of Defendant's profits, compensatory damages, enhanced damages, attorney's fees and costs, and other appropriate relief to remedy and prevent the continuing harm to Plaintiff's marks, goodwill, and reputation.

## II. PARTIES

6. Plaintiff Integra Mission Critical, LLC d/b/a Integra is a limited liability company that designs, builds, and delivers turnkey and modular data center solutions and mission-critical infrastructure, and does business under the name "Integra." Plaintiff maintains its principal place of business at 17000 Dallas Parkway, Suite 200, Dallas, Texas 75248.

7. Plaintiff is the owner of U.S. Trademark Registration No. 5,541,214 for the mark INTEGRA MISSION CRITICAL and asserts enforceable rights in the INTEGRA-formative marks, including INTEGRA and INTEGRA MISSION CRITICAL (collectively, the "Integra Marks").

8. Defendant Integra Testing Services, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 9045 Osborne Drive, Mentor, Ohio 44060.

9. Defendant transacts business in the State of Texas and in this District, including by maintaining an office at 11601 Pellicano Drive, Suite E2, El Paso Texas 79936, offering its services to businesses in Texas, and exhibiting at and marketing its INTEGRA- and INTEGRA TESTING-branded testing services to data center and mission-critical customers at the 7X24 Exchange Fall 2026 Conference held in San Antonio, Texas, as further alleged below. Defendant is subject to the personal jurisdiction of this Court as set forth in Section IV.

## III. BACKGROUND

### A. Plaintiff and the Integra Marks

10. Plaintiff provides mission-critical and turnkey data center solutions, including the design, construction, and delivery of complete and modular data center facilities and the manufacture of components that power those facilities. Those solutions include certain HVAC testing and related service work integrated with Plaintiff's data center equipment.

11. Plaintiff has used the mark INTEGRA MISSION CRITICAL in commerce since at least June 1, 2018, in connection with modular data center components and data center modules comprised of power supplies, electrical switchgear, electrical switchboards, electrical distribution boards, electrical controls, electrical power distribution units, electrical cables and electrical connectors, featuring cooling and ventilation components, all integrated with site-built construction, in International Class 9.

12. On August 14, 2018, the United States Patent and Trademark Office ("USPTO") issued U.S. Registration No. 5,541,214 to Plaintiff for the standard-character mark INTEGRA MISSION CRITICAL on the Principal Register, based on Serial No. 86/286,917 filed May 20, 2014. The registration disclaims the exclusive right to use "MISSION CRITICAL" apart from the mark as shown. *See* Exhibit 1.

13. On February 8, 2024, the USPTO accepted and acknowledged Plaintiff's combined declaration under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1065, and the registration is now incontestable and remains live, active, and in full force. *See* Exhibit 2.

14. Through Plaintiff's continuous and extensive use, the Integra Marks—and the dominant term INTEGRA in particular—have come to identify Plaintiff as the single source of the goods and services offered under those marks and embody substantial and valuable goodwill.

**B. Defendant and Its Use of the Infringing Designations**

15. Defendant is a national provider of commercial HVAC testing and controlled-environment testing services, including testing, adjusting and balancing ("TAB"), mechanical testing, and cleanroom or controlled-environment certification services.

16. Defendant uses the designations INTEGRA and INTEGRA TESTING as trademarks, trade names, and branding elements, including on its website, integratesting.com, and throughout its divisions and marketing materials.

17. Defendant expressly markets its testing services to the technology sector and to data centers, promoting that "[w]hether it is data centers, chip plants, or battery plants Integra has all the critical services offerings you need." Exhibit 5.

18. Defendant has acknowledged that it provides HVAC testing, adjusting and balancing, mechanical testing, and controlled-environment testing services for facilities including data centers, the same ecosystem in which Plaintiff operates.

19. On or about October 25–28, 2026, Defendant exhibited at the 7X24 Exchange Fall 2026 Conference, a national data center and mission-critical infrastructure industry conference held at the JW Marriott San Antonio Hill Country in San Antonio, Bexar County, Texas. The 7X24 Exchange is a leading industry forum for those who design, build, operate, and maintain mission-critical enterprise information infrastructures, including data centers — the same field in which

Plaintiff operates. Indeed, Plaintiff also attended this trade show, demonstrating the overlap in consumers for both Plaintiff's and Defendant's services.

20. At the conference, and within this District, Defendant staffed and operated a booth that prominently displayed and used the INTEGRA and INTEGRA TESTING designations to advertise and offer Defendant's "Data Center TAB & Commissioning" services, describing Defendant as "the nation's largest data center testing, adjusting and balancing (TAB) and commissioning provider" and directing attendees to Defendant's website, integratesting.com, as seen below. Defendant's use of the INTEGRA and INTEGRA TESTING designations at the conference in San Antonio was a use in commerce in Texas and an act of infringement occurring in this District.



21. Defendant markets and offers its INTEGRA- and INTEGRA TESTING-branded testing services on a nationwide basis, including to customers in Texas through its office at 11601 Pellicano Drive, Suite E2, El Paso Texas 79936, and holds itself out as "the nation's largest data center testing, adjusting and balancing (TAB) and commissioning provider." *See* Exhibit 6.

22. On information and belief, Defendant's offerings under the INTEGRA and INTEGRA TESTING designations that are marketed to data centers and mission-critical facilities include HVAC testing, adjusting and balancing, mechanical testing, and controlled-environment testing services, and Defendant markets and offers those services to data center and mission-critical customers in Texas and throughout the United States.

23. On information and belief, Defendant began its use of the INTEGRA designation in or around 2022.

24. Defendant is a junior user of the INTEGRA designation. Defendant does not own any federal application or registration for any INTEGRA-formative mark, and Defendant's use postdates Plaintiff's first use and federal registration of the INTEGRA MISSION CRITICAL mark.

## IV. JURISDICTION AND VENUE

25. This action arises under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), including 15 U.S.C. §§ 1114 and 1125(a).

26. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), because those claims arise under the Lanham Act and present federal questions.

27. This Court has supplemental jurisdiction over Plaintiff's related Texas common-law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy.

28. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting activities in Texas, and purposefully directed its activities at Texas, by maintaining an office at 11601 Pellicano Drive, Suite E2, El Paso Texas 79936, offering its services to businesses in Texas, and traveling to San Antonio and exhibiting at the 7X24 Exchange Fall 2026 Conference, where Defendant used and displayed the INTEGRA and INTEGRA TESTING designations to advertise and offer its services to the data center and mission-critical industry.

29. Plaintiff’s claims arise out of and relate to Defendant’s Texas contacts because those claims are based on Defendant’s use of the INTEGRA and INTEGRA TESTING designations in Texas, including at the San Antonio conference, which is itself an act of infringement and unfair competition. The exercise of jurisdiction is fair and reasonable given Texas’s strong interest in preventing infringement and consumer confusion within its borders, Plaintiff’s interest in obtaining relief, and the absence of any undue burden on Defendant, which voluntarily came to Texas to transact business. In the alternative, to the extent discovery shows that Defendant’s contacts with Texas are continuous and systematic, this Court also has general personal jurisdiction over Defendant.

30. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff’s claims occurred in this District, including Defendant’s infringing use, display, advertising, and offering of services under the INTEGRA and INTEGRA TESTING designations at the 7X24 Exchange Fall 2026 Conference in San Antonio, Bexar County, Texas, which lies within the San Antonio Division of the Western District of Texas.

31. Venue is also proper in this District under 28 U.S.C. § 1391(b)(1) and (c)–(d) because Defendant is subject to personal jurisdiction in this District with respect to this action and

is therefore deemed to reside here for venue purposes. Assignment to the San Antonio Division is proper because the infringing acts alleged above occurred in Bexar County, Texas. To the extent Defendant's Texas business is conducted through statewide or online channels, those channels reach customers and prospective customers in this District and create a likelihood of confusion in this District.

## V. FACTUAL ALLEGATIONS SUPPORTING INFRINGEMENT

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

### A. Plaintiff's Priority and the Strength of Its Mark

33. Plaintiff is the senior user of the INTEGRA and INTEGRA MISSION CRITICAL marks, having used INTEGRA MISSION CRITICAL in commerce since at least June 1, 2018 and having secured federal registration in 2018.

34. Defendant is a junior user whose adoption and use of INTEGRA and INTEGRA TESTING postdate Plaintiff's priority date and registration.

35. Plaintiff's Registration No. 5,541,214 is prima facie evidence of the validity of the mark, of Plaintiff's ownership, and of Plaintiff's exclusive right to use the mark in commerce in connection with the identified goods, pursuant to 15 U.S.C. § 1057(b).

36. Because Plaintiff's mark is incontestable, its validity, Plaintiff's ownership, and Plaintiff's exclusive right to use the mark are conclusively established, subject only to the statutory defenses enumerated in 15 U.S.C. § 1115(b).

37. The incontestable status of Plaintiff's registration enhances the strength of the INTEGRA MISSION CRITICAL mark, which is presumed to be at least descriptive with secondary meaning and therefore a relatively strong mark for purposes of the likelihood-of-confusion analysis.

38. INTEGRA is the dominant, source-identifying element of Plaintiff's mark; the disclaimed phrase "MISSION CRITICAL" describes the field of use and contributes comparatively little to the commercial impression.

**B. Defendant's Use of a Confusingly Similar Mark in Commerce**

39. Defendant uses INTEGRA and INTEGRA TESTING in interstate commerce in connection with the advertising, offering, and provision of its testing services.

40. The dominant element of Defendant's designations, INTEGRA, is identical to the dominant element of Plaintiff's Integra Marks in appearance, sound, and commercial impression; Defendant's addition of the descriptive term "TESTING" does little to distinguish the marks.

41. Defendant's services and Plaintiff's goods and services are the same or, at a minimum, closely related and are offered within the same data-center and mission-critical infrastructure ecosystem: Plaintiff designs, builds, and supplies data center infrastructure and components, while Defendant markets and performs testing, adjusting, balancing, and controlled-environment services for facilities that include data centers. For example, the parties' services overlap in HVAC testing, which Plaintiff performs as part of its data center equipment offerings along with related service work. To the extent Defendant's HVAC, mechanical, and controlled-environment testing offerings extend beyond Plaintiff's current offerings, including services in other fields and testing of equipment installed by others, those services fall within the natural zone of expansion of Plaintiff's existing equipment and testing offerings.

42. The parties' offerings are marketed to overlapping commercial audiences, including owners, developers, contractors, and operators of data centers and mission-critical facilities, such that customers are likely to believe the parties' respective goods and services emanate from, or are affiliated with, a single source. Plaintiff's personnel discovered Defendant's use of the INTEGRA name through a testing, adjusting, and balancing report encountered in

connection with a project on which Plaintiff was working. Plaintiff has since encountered Defendant in the marketplace, including at the 7X24 Exchange Fall 2026 Conference, which both parties attended and where the overlapping commercial audience was present.

**C. Likelihood of Confusion—The Fifth Circuit Digits of Confusion**

43. Whether Defendant's use of INTEGRA and INTEGRA TESTING is likely to cause confusion is assessed under the nonexhaustive "digits of confusion" applied in the Fifth Circuit: (1) the type, or strength, of the mark; (2) the similarity of the two marks; (3) the similarity of the products or services; (4) the identity of the retail outlets and purchasers; (5) the similarity of the advertising media used; (6) the defendant's intent; (7) any evidence of actual confusion; and (8) the degree of care exercised by potential purchasers. No single digit is dispositive, and a finding of a likelihood of confusion need not be supported by a majority of the digits.

44. Type and strength of the mark: Plaintiff's incontestable INTEGRA MISSION CRITICAL registration establishes a relatively strong mark entitled to a broad scope of protection.

45. Similarity of the marks: The parties' marks share the identical dominant term INTEGRA and create similar overall commercial impressions when the marks are considered as a whole, including their sound, appearance, and manner of use.

46. Similarity of the goods and services: The parties' offerings are the same or, at a minimum, closely related. Both parties' services are directed to data centers and mission-critical infrastructure. Both parties provide HVAC testing services in the data center field, with Plaintiff's testing and related service work integrated into its data center equipment offerings. To the extent Defendant's testing services in other fields or on equipment installed by others extend beyond Plaintiff's current offerings, they fall within the natural zone of expansion of Plaintiff's existing equipment and testing offerings.

47. Similarity of trade channels and customers: The parties solicit overlapping commercial customers in the data center and mission-critical space, including, for example, at the 7X24 Exchange Fall 2026 Conference.

48. Similarity of advertising media: Both parties promote their INTEGRA-branded offerings through overlapping channels, including their commercial websites directed to the same industries and at the 7X24 Exchange Fall 2026 Conference.

49. Defendant's intent: Defendant has continued to use INTEGRA and INTEGRA TESTING with knowledge of Plaintiff's senior rights after receiving express notice, refusing to cease or meaningfully limit its use in the data center and mission-critical space.

50. Actual confusion: Actual confusion is not required to establish a likelihood of confusion; while Plaintiff does not presently allege documented instances of actual confusion, the strength of Plaintiff's incontestable mark and the identity of the dominant term weigh heavily in favor of a likelihood of confusion.

51. Degree of care: The parties' goods and services are marketed to overlapping commercial purchasers in the data center and mission-critical industry through the same channels, including industry conferences such as the 7X24 Exchange conference. Although such purchasers may exercise some care, the identity of the dominant term INTEGRA and the parties' shared industry make confusion as to source, affiliation, or sponsorship likely.

**D. Notice, Bad Faith, and Willfulness**

52. By letter dated February 25, 2026, Plaintiff, through counsel, notified Defendant of Plaintiff's rights in the Integra Marks and demanded that Defendant cease all use of INTEGRA and INTEGRA TESTING in connection with goods or services intended for data centers or similar controlled-environment infrastructure.

53. Defendant received the notice and, through counsel, declined to cease its use.

54. After further correspondence, Defendant confirmed that it would not overhaul its current branding and would not cease using its mark in connection with the distinct services it provides to its data center and mission-critical infrastructure clients.

55. Defendant has continued to use INTEGRA and INTEGRA TESTING, including, on information and belief, in connection with services marketed to data centers, after receiving actual notice of Plaintiff's rights, supporting an inference that Defendant's continued infringement is knowing, deliberate, and willful.

## VI. CLAIMS FOR RELIEF

### COUNT I
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 above as if fully set forth herein.

57. Plaintiff owns valid and enforceable rights in the federally registered, incontestable mark INTEGRA MISSION CRITICAL, U.S. Registration No. 5,541,214.

58. Plaintiff's mark has priority over Defendant's use, and Defendant's use of INTEGRA and INTEGRA TESTING began after Plaintiff's first use and registration of INTEGRA MISSION CRITICAL.

59. Defendant has used, without Plaintiff's consent, colorable imitations of Plaintiff's registered mark in commerce in connection with the advertising, offering, and provision of its services.

60. Defendant's use is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's services, as demonstrated by the Fifth Circuit digits of confusion alleged above.

61. Defendant's infringement is knowing, deliberate, and willful, as Defendant has continued its infringing use after receiving actual notice of Plaintiff's rights.

62. As a direct and proximate result of Defendant's infringement, Plaintiff has been and will continue to be irreparably harmed, including through loss of control over its marks, goodwill, and reputation, for which there is no adequate remedy at law.

## COUNT II
### Federal Unfair Competition / False Designation of Origin
### (15 U.S.C. § 1125(a))

63. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 above as if fully set forth herein.

64. Plaintiff has enforceable rights in the Integra Marks, including its federally registered INTEGRA MISSION CRITICAL mark and its common-law rights in INTEGRA and INTEGRA MISSION CRITICAL arising from its prior and continuous use in commerce.

65. Defendant's unauthorized use of INTEGRA and INTEGRA TESTING constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the origin of Defendant's services and as to an affiliation, connection, association, sponsorship, or approval between Defendant and Plaintiff that does not exist.

66. Defendant's conduct is willful and is likely to cause confusion as to source, sponsorship, or affiliation, in violation of 15 U.S.C. § 1125(a).

67. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm and damages for which there is no adequate remedy at law.

## COUNT III
### Texas Common-Law Trademark Infringement and Unfair Competition

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 above as if fully set forth herein.

69. Plaintiff owns valid and protectable rights in the Integra Marks through its registration and its prior and continuous use in commerce.

70. Defendant's unauthorized use of INTEGRA and INTEGRA TESTING is likely to cause confusion as to the source, sponsorship, or affiliation of Defendant's services and thereby infringes Plaintiff's common-law rights and constitutes unfair competition under Texas common law.

71. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm and damages for which there is no adequate remedy at law.

## VII. PRAYER FOR RELIEF

72. WHEREFORE, Plaintiff Integra Mission Critical, LLC d/b/a Integra respectfully requests that the Court enter judgment in its favor and against Defendant Integra Testing Services, LLC, and grant the following relief:

a. A permanent injunction, pursuant to 15 U.S.C. § 1116 and applicable Texas law, enjoining Defendant and its officers, agents, servants, employees, and all persons in active concert with them from using INTEGRA, INTEGRA TESTING, or any other designation containing INTEGRA or any mark confusingly similar to the Integra Marks in connection with goods or services marketed to data centers or similar controlled-environment or mission-critical infrastructure;

b. An order requiring Defendant to account for and disgorge all profits derived from its infringing use, pursuant to 15 U.S.C. § 1117(a);

c. An award of Plaintiff's actual and compensatory damages, and, in the Court's discretion, enhanced damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1117(a);

d. A finding that this is an "exceptional" case and an award to Plaintiff of its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a);

e. An order pursuant to 15 U.S.C. § 1118 requiring the destruction or recall of all labels, signs, prints, packages, advertisements, marketing materials, and other items in Defendant's possession or control bearing the infringing designations;

f. An award of pre-judgment and post-judgment interest and costs of suit; and

g. Such other and further relief as the Court deems just and proper.

## VIII. VIII. DEMAND FOR JURY TRIAL

73. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Daniel P. Withers*
Daniel P. Withers
Texas Bar No. 24125465
dwithers@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Ave, Suite 1900
Dallas, Texas 75201
Tele: (972) 628-3600
Fax: (972) 628-3616

Amanda K. Greenspon
Florida Bar No. 1014584
agreenspon@munckwilson.com
*(pro hac vice forthcoming)*
**MUNCK WILSON MANDALA, LLP**
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Tele: (561) 210-0600
Fax: (972) 628-3616

*Attorney for Plaintiff Integra Mission Critical, LLC d/b/a Integra*